**SCHEPP v. COCA–COLA BOTTLING CO., Inc., et al.**

**No. 4619.**

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

John G. Gibbs, of Natchitoches, and C. B. Prothro, of Shreveport, for appellant.

B. F. Roberts, W. C. Barnette, and W. B. Massey, all of Shreveport, for appellees.

DREW, Judge.

Plaintiff sued the defendants for damages in the sum of $34,000. He alleged that on or about September 31, 1931, he was run over by a truck belonging to the Coca-Cola Bottling Company, and operated by Abie Harris, one of its agents; that it was just before daylight, and at the time he had just come out of Kings highway into the Mansfield road and was going north in the direction of the city of Shreveport. He alleged that he was walking in the street near the curb on his left-hand side, and that he met the truck, which was traveling at a terrific rate of speed, in excess of 35 miles per hour; that the truck ran him down and threw him into the street; and that the accident was caused entirely by the fault, negligence, recklessness, and carelessness of defendants, and that he in no way contributed to the same. He further alleged that the truck was being operated without any lights whatsoever.

Defendant Coca-Cola Bottling Company admitted that Abie Harris was one of its agents and employees, and was driving one of its trucks; it denied all other allegations of the petition. By amended answer, it alleged negligence on the part of plaintiff and, in the alternative, contributory negligence. Defendant Abie Harris denied all the allegations of plaintiff's petition.

In the lower court, plaintiff's demands were rejected, and he has prosecuted this appeal.

It is only necessary to decide one question in this case, and that is: Did the Coca-Cola truck strike plaintiff? It was incumbent upon plaintiff to prove this fact before he could have any case against defendants. We think he has failed to so prove. There were apparently no eyewitnesses to the accident, other than plaintiff and the driver of some vehicle which struck him. Plaintiff is positive that he saw the Coca-Cola truck coming towards him at a distance of five, six, or seven hundred yards; that he was walking near the curb on his left-hand side of the street, being only a few inches from the curb, and the truck was coming towards him on its right side of the street. It was still dark, yet plaintiff saw this truck five, six, or seven hundred yards away, without lights, coming at a terrific rate of speed. He continued to see the truck until it ran into him. He recognized the color of the truck and recognized the driver. He was physically and mentally sound, had good eyesight and hearing, and if plaintiff was where he claims to have been, he could have taken one step to his left and have been out of danger. He claims that he continued to walk towards the truck until it was too late to get out of its way.

The testimony is wholly unreasonable, unless plaintiff had been trying to commit suicide, which he does not claim. If plaintiff walked directly into a truck after watching it come towards him for five, six, or seven hundred yards, when all he had to do was to take one step to his left and be out of danger, he was certainly guilty of the grossest negligence and could not recover.

The record further discloses that there were concrete sidewalks on each side of the street at the point of accident, and nothing to prevent plaintiff from using them. Therefore, if we should presume that plaintiff was struck by defendants' truck, his negligence was the proximate cause of the accident, and he could not recover. However, we are convinced that plaintiff has failed to establish by a preponderance of the testimony that he was struck by the defendants' truck. The evidence, we think, preponderates to the contrary.

The truck plaintiff claims to have struck him was traveling very fast and without lights. It is clearly shown that defendants' truck could not travel faster than eighteen miles an hour, and at the point of accident, which was slightly upgrade, it could not make more than twelve miles per hour. It was also proved that the truck of defendants had headlights burning when it passed the point of accident.

The judgment of the lower court rejecting plaintiff's demands is correct.

Plaintiff urges here that the case should be remanded to hear testimony to impeach one of defendants' witnesses. The application for a new trial on this ground was made in the lower court and overruled, and we think properly so. Furthermore, the impeachment of this witness could not change the results in this case.

It therefore follows that the judgment of the lower court is affirmed, with costs.

MILLS, J., recused.